EL PUEBLO, DEMANDANTE Y APELADO, *v.* MORALES, ACUSADA Y APELANTE.

Apelación procedente de la Corte de Distrito de Guayama en causa por infracción a la Ley de Rentas Internas.

Moción del Fiscal sobre corrección de autos.

No. 922.—Resuelto en marzo 10, 1916.

INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—SENTENCIA INSUFICIENTE—APE-LACIÓN—ENMIENDA DE LA SENTENCIA DESPUÉS DE APELADA—CORRECCIÓN DE AUTOS.—En este caso la sentencia fué dictada "declarando a la acusada culpable del delito de infracción a la Ley de Rentas Internas." Cuando ya se había interpuesto apelación y alegádose como uno de los fundamentos del recurso la insuficiencia de la sentencia por no especificar el delito cometido por la acusada, la corte sentenciadora, a petición del Fiscal, enmendó dicha sentencia "declarando a la acusada culpable de infringir las secciones 17, 18 y 21 de la Ley de Arbitrios de marzo 8 de 1905, enmendada por leyes de marzo 14, 1907, marzo 9, 1911, y agosto 9, 1913." Presentada por el Fiscal del Supremo moción para corregir los autos de manera que figurara como verdadera sentencia la enmendada, *se resolvió:* que bajo tales circunstancias no podía accederse a lo solicitado.

Los hechos están expresados en la opinión.

La apelante no compareció.

Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En este caso se dictó sentencia el 8 de junio de 1915 "declarando a la acusada culpable del delito de infracción a la Ley de Rentas Internas." El mismo día apeló la acusada para ante este Tribunal Supremo, y, elevados los autos, su abogado el 28 de septiembre de 1915, presentó su alegato pidiendo la revocación de la sentencia entre otros motivos por el de ser dicha sentencia insuficiente de acuerdo con la jurisprudencia establecida por esta Corte Suprema en el caso de *El Pueblo* v. *Campos,* 17 D. P. R. 1190, ya que no especificaba el delito cometido por la acusada. El 22 de diciembre de 1915, a petición del Fiscal, la corte sentenciadora enmendó la sentencia apelada, declarando "a la acusada culpable de infringir las secciones 17, 18 y 21 de la Ley de Arbitrios

de marzo 8 de 1905, enmendada por leyes de marzo 14 de 1907, marzo 9 de 1911 y agosto 9 de 1913.''

Así las cosas, el Fiscal de esta Corte Suprema solicita que se le permita enmendar la transcripción de los autos, de manera que figure como la verdadera sentencia dictada la corregida el 22 de diciembre último. La acusada fué notificada de la solicitud del Fiscal y nada ha manifestado con respecto a la misma.

A nuestro juicio no puede accederse a lo solicitado por el Fiscal. La enmienda como hemos visto se hizo más de seis meses después de dictada la sentencia, cuando ya se había interpuesto contra ella recurso de apelación y en dicho recurso se había alegado como uno de sus fundamentos el supuesto error que se trató de corregir con la enmienda. Bajo tales circunstancias, es necesario llegar a la conclusión que dejamos apuntada. Véase el caso de *Martínez* v. *Delgado et al.,* 18 D. P. R. 382.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.